IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DENORVAL LEMONT SEAWOOD,**

    **Plaintiff,**

    v.                                                    CASE NO. 20-3271-SAC

**(FNU) McBRAYSHAW, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court granted Plaintiff leave to proceed *in forma pauperis*. The Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set out in the MOSC or to file a proper amended complaint to cure the deficiencies. This matter is before the Court for screening Plaintiff's Amended Complaint at Doc. 9. The Court's screening standards are set forth in detail in the MOSC.

Plaintiff alleges that he has a dry skin condition and that Defendant Nurse McBrayshaw, who worked for Corizon Health Services (now named Centurion Health Services), falsely assessed Plaintiff on May 7, 2020. Plaintiff alleges that she is not a doctor and is therefore unqualified to diagnose him. Plaintiff claims that she told Plaintiff to shower less often and to purchase lotion from the canteen. Plaintiff was also given petroleum jelly and lip ointment after filing a grievance. Plaintiff claims that the petroleum jelly just "masked" the condition. Plaintiff claims that Nurse McBrayshaw committed malpractice and did not refer him to a doctor. Around March 2021, Plaintiff was seen by Dr. Wilson, who took him off of the petroleum jelly and prescribed "minerin"

1

cream, which is working well. Plaintiff also complains about the grievance process, including delays in receiving responses to his grievances.

Plaintiff seeks $900 million in damages from each defendant, $900 million in punitive damages from each defendant, and $900 million for pain and suffering. Plaintiff also seeks to have Nurse McBrayshaw fired and to have LCF and Corizon/Centurion change their names and logos because they cause Plaintiff trauma when he sees them.

Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC and fails to state a claim for relief. The Court found in the MOSC that a mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 106–07 (1976); *see also Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (prisoner's right is to medical care—not to type or scope of medical care he desires and difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983). Plaintiff's allegations do not show a complete lack of medical care, but rather show Plaintiff's disagreement regarding the proper course of treatment or medication.

Plaintiff acknowledges that he was provided with petroleum jelly for his dry skin. A complaint alleging that plaintiff was not given plaintiff's desired medication, but was instead given other medications, "amounts to merely a disagreement with [the doctor's] medical judgment concerning the most appropriate treatment." *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) (noting that plaintiff's allegations indicate not a lack of medical treatment, but a disagreement with the doctor's medical judgment in treating a condition with a certain medication rather than others); *Hood v. Prisoner Health Servs., Inc.*, 180 F. App'x 21, 25 (10th Cir. 2006) (unpublished) (where appropriate non-narcotic medication was offered as an alternative to the narcotic medication prescribed prior to plaintiff's incarceration, a constitutional violation was not established even

though plaintiff disagreed with the treatment decisions made by prison staff); *Carter v. Troutt*, 175 F. App'x 950 (10th Cir. 2006) (unpublished) (finding no Eighth Amendment violation by prison doctor who refused to prescribe a certain pain medication where he prescribed other medications for the inmate who missed follow-up appointment for treatment and refused to be examined unless he was prescribed the pain medication he wanted); *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) ("Plaintiff's belief that he needed additional medication, other than that prescribed by the treating physician, as well as his contention that he was denied treatment by a specialist is . . . insufficient to establish a constitutional violation."). Plaintiff has failed to show that any defendant was deliberately indifferent regarding his medical care.

Delay in providing medical care does not violate the Eighth Amendment, unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993). In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted). "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

Plaintiff has failed to show that any defendant disregarded an excessive risk to his health or safety or that they were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference. Plaintiff's claims suggest, at most, negligence.

The Court also found in the MOSC that Plaintiff acknowledges that a grievance procedure is in place and that he used it. In fact, Plaintiff attaches multiple grievances and responses to his

3

Complaint.  Plaintiff's claims relate to his dissatisfaction with responses to his grievances.  The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system.  *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials").  Plaintiff's claims regarding the grievance process and the failure to properly respond to grievances fail to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

Dated October 13, 2021, in Topeka, Kansas.

<u>S/ Sam A. Crow</u>
SAM A. CROW
SENIOR U. S. DISTRICT JUDGE